## The State *v.* Oscar, a Slave.

The Act "relative to slaves," approved March 19th, 1857, does not require a preliminary examination of slaves, charged under oath with crime.

The Supreme Court is without jurisliction to fix a day for the execution of convicts.

The *time* of the execution is not an essential part of the judgment.

It is the duty of the Sheriff to execute the sentence, even after the day fixed has lapsed by reason of an appeal, and in case of his failure, the Executive of the State, bound by the Constitution to see the laws faithfully executed, would cause the legal execution of the convict.

APPEAL from the Fifth Justice's Court of Jefferson, *Bisbee* and *Michel*, Justices of the Peace. *W. T. Scott*, District Attorney, for the State. *Magne*, for appellant.

SPOFFORD, J.   The accused, a slave, having been convicted and sentenced for a capital offence, has appealed.

There is but a single bill of exceptions in the record.

On the day fixed for his trial, of which his master had previous notice, the prisoner appeared by counsel, and objected to going to trial, contending that the case should go on only as a preliminary examination.

There was no error in overruling the objection.

Section 18 of the Act "relative to slaves," approved March 19th, 1857 (page 231), declares that : " Whenever a slave shall be accused of a crime or offence, by any person, on oath, the Justice of the Peace, or other committing Magistrate, before whom the complaint is made, shall cause the slave accused to be arrested and confined in the parish jail *to await his trial.*"

There was, in the present case, an accusation under oath, and a commitment to await the trial, as well as due notice to the master.

The attempt on the part of the prisoner's counsel to convert the trial into a mere preliminary examination, was unwarranted by law.

It is suggested that the day fixed by sentence for the execution has passed. What relief the appellant's counsel expects at our hands for this cause, we are not apprised ; for he asserts, himself, that the power to fix the day of execution is lodged with the Governor.   It is settled by an authority cited on behalf of the appellant, that this court is without jurisdiction to fix a day for the execution of convicts. *State* v. *Jerry*, 3 An. 577.   It has been declared to be the duty of the Sheriff to execute the sentence even after the day fixed has lapsed by reason of an appeal, and, in case of his failure, that the Executive of the State, bound by the Constitution to see the laws faithfully executed, would cause the legal execution of the convict. *McDowell* v. *Couch*, 6 An. 370.   The *time* of execution is not an essential part of the judgment. Ib. ; 4 Black. Com. 404.   And if the Justices of the Peace erred in fixing a day, as the appellant contends, that cannot vitiate the sentence of death.

Judgment affirmed.