IN MATTER OF APPLICATION OF GEORGE W. EDWARDS FOR DISCHARGE FROM IMPRISONMENT.

1. The time at which imprisonment imposed for crime shall be borne is not the substantial part of the sentence; imprisonment at hard labor is the essential part of the judgment, which must be strictly executed.
2. Expiration of time without actual imprisonment is not an execution of the sentence.
3. Where a prisoner, sentenced to imprisonment at hard labor, escapes and remains at large for a time, he must, by the rule of the common law, serve at hard labor, after his recapture, for a period equal to that part of his term of sentence which had not yet run at the time he escaped.

On *habeas corpus.*

Before B. VAN SYCKEL, one of the Justices of tne Supreme Court of New Jersey.

In re George W. Edwards.

For the prisoner, *Leon Abbett.*

For the state, *John P. Stockton, Attorney-General.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The return to the writ of *habeas corpus* shows that George W. Edwards was convicted in the Middlesex Oyer and Terminer of breaking and entering, and sentenced December 27th, 1871, to be confined in the state's prison of this state, at hard labor, for the term of ten years; that on the same day he was delivered into the custody of the keeper of said prison, and escaped therefrom on the 4th day of September, 1872; that he remained at large until January 9th, 1880, at which date he was returned to the custody of the keeper, and has since been in confinement. If there had been no escape the defendant would have been in actual confinement for the full term of ten years on the 27th day of December, 1881. The defendant insists that notwithstanding the fact that he was at large for more than seven years, he is entitled to his discharge as if he had served the full term of his sentence at hard labor.

The question of law involved in the case is presented by demurrer to the sufficiency of the return to the writ of *habeas corpus,* and therefore the facts set out in the return must, on this argument, be considered as admitted. In the consideration of this question, which is a new one in this state, I have been greatly aided by the able discussion of counsel. The case must be settled upon common law principles, no statutory provision applicable to it existing in this state.

The judgment of the law was that the prisoner should be committed to the state's prison at hard labor for the term of ten years. That judgment has not been executed; it is in full force, unreversed and impending over the prisoner unless it has spent its force by mere lapse of time. Having been at large for over seven years, the prisoner had not been imprisoned at hard larbor for the term of ten years at the expiration of that time from the rendition of sentence. He will not have

borne the prescribed punishment until he has remained in custody after the expiration of that time for a period equal to that during which he has been at liberty.

The essential part of the sentence is the punishment, which is graduated according to the character of the crime, and is measured not with reference to the time at which it is to be borne, but by the extent and kind of punishment imposed.

The terms of the judgment cannot be satisfied except by the service of the prisoner for the specified time at hard labor. The judgment of the law has hitherto been successfully resisted, and the punishment denounced against his offence evaded by the commission of a further crime by the prisoner, and unless the common law is impotent to command obedience to its sentence, the prisoner must be restrained of his liberty until the full measure of the penalty for his crime has been submitted to. The right to impose sentence necessarily implies the right and power to execute and enforce it, and if, in this instance, there is an inherent defect in the common law, the burden rests on the prisoner to establish it.

It is not a sufficient answer to say that the prison breach is punishable, for that is a distinct offence for which an appropriate punishment is provided. In the absence of remedial legislation, the prisoner could not, upon conviction of the escape, be adjudged, in punishment for it, to serve out the remainder of the prior sentence. The punishment of the latter offence is not in fact or in contemplation of law, an execution of the judgment of the law for the original crime. After the penalty for the prison breach was submitted to, the original crime would still be unpunished.

The provision in our constitution that no person shall be held to answer for a crime unless on presentment or indictment of a grand jury, is invoked in aid of the relator, and it is insisted that he is entitled to the usual form of trial to determine whether he has been guilty of escaping. The prohibition in the organic law shields the citizen from trial and conviction for an alleged crime, except in the designated mode. If this were an attempt to convict Edwards of breaking jail,

the point would be well taken. The proceeding is not a trial for the original offence, nor for the crime of escaping, and in virtue of it, no adjudication can be made that he is guilty of prison breach, nor can any punishment be imposed upon him for such offence. The single question is, whether he has been incarcerated for the term adjudged—whether he has served at hard labor for the requisite period. There can be no more difficulty in determining this question of fact in the *habeas corpus* proceedings than there would be in establishing the identity of the prisoner, where, after escape, he is recaptured before the time had run.

In *Rex* v. *Okey et al.*, 1 *Lev.* 61, where the defendants had been recaptured, after conviction for treason and escape, it is said :

" Whereupon they pleaded that they were not the persons, and issue was taken thereon, and a jury returned immediately to try it, which was done, and they were not permitted to challenge peremptorily, for they are not now tried for treason, but only of the identity of persons."

The English courts have found no obstacle in the way of executing a prisoner where he has escaped after sentence, and remained at large beyond the time fixed for execution.

In 1716, Charles Ratcliffe, after conviction and sentence to death for treason, escaped from prison and went to France. About thirty years afterwards he was brought before the King's Bench, where his identity was established and he was afterwards beheaded. *Rex* v. *Ratcliffe*, 18 *How. St. Tr.* 429 ; *S. C.*, 1 *Wils.* 150 ; *Rex* v. *Harris*, 1 *Ld. Raym.* 482.

I have been unable to find a case in England where the precise question involved in this case has been raised, but no inference against the power of the English courts to remand a prisoner, until he has served his full term of imprisonment, can arise from the fact that it does not appear to have been challenged.

It does not appear that the time at which the punishment is undergone is any more of the essence of a sentence to imprisonment than it is of sentence to the death penalty. In

In re George W. Edwards.

the latter case the practice is unquestioned in this state; where the day fixed for execution has passed by reason of proceedings for review, the court will order execution of the former judgment. The punishment is regarded as the substance of the judgment, which is not to be evaded because not undergone at the time specified.

Lord Hale says: "If a prisoner for felony be in jail and escape and the jailor pursue after him, he may take him seven years after, though he were out of view." Again: "If a felon escape out of the jail by negligence, though the jailor be fined for it, he may retake the felon at any time after, for the felon shall not take advantage of his own wrong or the jailor's punishment." 1 *Hale, P. C.* 602; 1 *Russ.* 421.

By an act passed in this state in 1881, a writ of error in all cases not capital, operates as a stay of sentence. A writ of error will not lie until judgment is passed, and therefore, if time is an essential part of the sentence, it is within the power of the criminal, by suing out a writ of error, to escape punishment for such part of the time as runs pending the determination of the writ.

The view I have taken is supported by the adjudged cases in this country.

In *Cleek* v. *Commonwealth,* 21 *Gratt.* 777, the defendant was sentenced to imprisonment for ten months, commencing July 13th, 1870. He escaped September 21st, 1870, and was not apprehended until January 14th, 1871. He sued out a writ of *habeas corpus,* but the court refused to discharge him, holding that he must bear the full measure of imprisonment imposed.

In *State* v. *Cockerham,* 2 *Ired.* 204, the prisoner, in September, 1841, was sentenced to two month's imprisonment from and after the 1st day of November then next, but was not committed. At the spring term of 1842, the solicitor for the state moved that the defendant be taken into custody and the sentence carried into effect. The objection was raised that the time having elapsed for which the defendant was sen-

tenced, without any fault of his own, the court had no power to imprison him.

The objection was overruled, and an order entered that the judgment be executed. On appeal, the Supreme Court, in affirming the order said, "That the time at which a sentence shall be carried into execution forms no part of the judgment of the court. The judgment is the penalty of the law as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution."

The defendant, in *Ex parte Clifford*, 29 *Ind.* 106, was sensentenced, September 13th, 1862, to three years in state's prison. January 9th, 1863, he escaped, and remained at large until April 4th, 1867, at which time he was recaptured. Being brought up on *habeas corpus*, his discharge was refused. A statute of that state authorized the arrest of an escaped prisoner, and his detention, until tried for the escape. The Supreme Court, on appeal, held that it did not require legislation to authorize recapture of an escaped prisoner, and his confinement until he served out his full sentence; that the statute was not intended to change the common law rule in regard to the capture of felons, but simply to authorize the further holding after the sentence of the law had been fulfilled, not evaded, until opportunity was given for prosecution for the escape.

The Massachusetts Supreme Court has taken the same view of the law in *Dolan's Case*, 101 *Mass.* 219, where the prisoner asked to be discharged on the ground that the term for which he was committed had expired by lapse of time, although the period of his actual imprisonment was less than that for which he was sentenced, by reason of his escape and absence from custody for a year.

The court, without reference to statute law, declared that the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority; that expiration of time without imprisonment was in no sense an execution of sentence.

In re George W. Edwards.

*Hollon* v. *Hopkins*, 21 *Kan.* 638, is a well-considered case. There, the prisoner was sentenced to the penitentiary for the period of three years from the 19th day of September, 1874, and on the next day after his sentence, and before his incarceration in the penitentiary, he escaped from custody and was not re-arrested until May, 1878, when he was taken to prison under the original sentence.

The defendant having sued out a writ of *habeas corpus* to test the legality of his detention, was remanded to custody to undergo imprisonment for the full term for which he had been sentenced. The Supreme Court said that the amount of punishment prescribed inhered in the sentence and was the essential part of it, while the time at which it was to be undergone was comparatively immaterial, and substantially no part of it, and that expiration of time without imprisonment was in no sense an execution of sentence.

*Gross* v. *Rice*, 71 *Maine* 241, is not in conflict with the cases which have been cited. There, a statute providing that a prisoner should not be discharged from state's prison until he had remained the full term for which he was sentenced, excluding the time he was kept in solitary confinement for violating the prison rules, was held to be unconstitutional, on the ground that it deprived him of liberty without due process of law.

The distinction is apparent; this was an attempt to impose additional punishment upon the prisoner for alleged misconduct without a formal accusation, or trial, or sentence of any court. It was clearly contrary to foundation principles to vest a power so arbitrary and unlimited in the warden of the prison. The court, in giving judgment, adverted to the Dolan case, and said that it was governed by a different principle.

An act passed in this state in 1881, (*Pamph. L., p.* 13,) which applies only to future escapes, provides that the person escaping may, on recapture, be required to serve out the whole term for which he was sentenced, without deducting the time he shall have been at large, and that the record kept by the

warden of the prison, shall be *prima facie* evidence of the time of escape and return.

As to the mode of proof this legislation is remedial, but I agree with the view of other courts in cases cited, that in other respects it is merely declaratory of the common law. That such has been the understanding of the framers of our statute law concerning crimes, may be inferred from the fact that the longest term of imprisonment that can, under our statute, be imposed for breaking prison is three years. The crime by which the prisoner evaded seven years of service at hard labor is punishable by only three years of such service. Thus, if his contention is right, he becomes favored in the law by the commission of a second crime, and is, by reason thereof, subject to four years less of penal servitude than he would have been if guilty of the first offence only.

No stable support can be found, in reasoning upon general principles, for a rule attended by such consequences, and I have been unable to find authority for it in adjudged cases.

The facts set out in the return show that the prisoner is lawfully held in custody.

The demurrer is overruled, with leave to the prisoner to contest the truth of the return if he desires to do so.