Appeal by defendant from judgment on writ of habeas corpus. In October, 1919, the defendant was tried and convicted in recorder's court of the city of Wilmington for violation of the prohibition laws, and sentenced to the roads for a term of twelve months. He had served about forty-two days of his term when, on 10 December, 1919, Governor Bickett granted the following "parole":
`To the sheriff of New Hanover County:
Upon the recommendation of the prosecuting attorney, the judge of the recorder's court of New Hanover County, and other representative *Page 806 
citizens, the prisoner Joe Yates, now serving a sentence on the roads of New Hanover County, is hereby paroled for the balance of his term upon condition of good behavior and remaining a law-abiding citizen, and upon the further condition that should he violate the foregoing condition he shall receive no credit of his sentence for the time he is out on parole."
Between 10 December, 1919, and 2 December, 1921, the defendant was charged with repeated breaches of the criminal law.
On 2 December, 1921, Governor Morrison issued the following (755) "revocation of parole":
"To the sheriff of New Hanover County — GREETING:
"I hereby revoke the parole of Joe Yates, granted 10 December, 1919, upon satisfactory information that terms of said parole have been violated. You are hereby commanded to take the prisoner and to recommit him, in order that he may serve the remainder of his term, with no time allowed for previous good behavior, if any such time was entered to his credit.
"The prisoner was tried in the recorder's court of the city of Wilmington on 28 October, 1919, it being charged in the warrant that he violated the State prohibition law by operating a monkey-rum still and making monkey rum. The judgment of the court was that he serve twelve months in jail, to be assigned to work on the county roads of New Hanover."
On 4 December, 1921, the clerk of the Superior Court of New Hanover issued a capias for the defendant, and upon his arrest the defendant applied to Judge George W. Connor for a writ of habeas corpus. His Honor heard the petition during the December Term, 1921, of New Hanover, and, adjudging that the defendant was in lawful custody, refused to release him.
The defendant excepted and appealed.
In Holley's case, Hoke, J., said: "Our statute law has made no provision for appeal from a judgment in habeas corpus proceedings, except in cases concerning the care and custody of children. Rev. 1854; C.S. 2242. Therefore, it is that when, on such a hearing a question of law or legal inference is presented, and the judgment therein *Page 807 
involves the denial of a legal right, it may be reviewed by certiorari, under and by virtue of the power conferred on this Court by the last clause of section 8, Article IV, of our Constitution: `And the Court shall have power to issue any remedial writs necessary to give it general supervision and control over the proceedings of the inferior courts.'"In re Holley, 154 N.C. 164; S. v. Lawrence, 81 N.C. 523; S. v. Herndon,107 N.C. 934; In re Croom, 175 N.C. 455; In re Fountain, 182 N.C. 49. For this reason the defendant's appeal must be dismissed; but as the record presents a question of public importance and general interest, we will regard it as one of the exceptional cases that warrant consideration of the defendant's contention upon the merits. In (756)re Sermon's Land, 182 N.C. 127; Cement Co. v. Phillips, ibid., 440.
The Constitution confers upon the Governor the power to grant reprieves, commutations, and pardons, except in cases of impeachment, upon such conditions as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. Constitution, Art. III, sec. 6. In the exercise of the authority granted in the provision last cited the General Assembly has prescribed certain statutory duties which are to be observed by the applicant. Every application for pardon must be made to the Governor in writing, stating the grounds upon which executive clemency is sought, and must be signed by the applicant, or by some person in his behalf; and the Governor may grant a pardon, subject to such conditions, restrictions, and limitations as he may consider proper and necessary. C.S. 7642, 7643. When the prisoner violates the conditions which he must observe or perform, the Governor, "upon receiving information of such violation," shall forthwith cause him to be arrested and detained until proper examination can be made; and if it appears by his own admission, or by such evidence as the Governor may require, that he has violated the condition of his pardon, the Governor, shall order him remanded and confined for the unexpired term of his sentence. C.S. 7644. It is worthy of note, in this connection, that neither the Constitution nor the statute law authorizes a "parole," unless the word be construed as importing some form of conditional pardon. The advisory board of parole created by section 7749 merely determines whether in their judgment a person confined in the State's Prison is a proper subject of parole under a conditional pardon. Section 7752 et seq. We therefore regard it clear that Governor Bickett's order must be interpreted as a pardon on condition that the defendant should comply with the terms imposed. So the instant and only question is this: Did Governor Morrison have the legal right to revoke Governor Bickett's conditional pardon after the time fixed in the original sentence had expired? *Page 808 
"It seems agreed that the king may extend his mercy on what terms he pleases, and, consequently, may annex to his pardon any condition that he thinks fit, whether precedent or subsequent, on the performance whereof the validity of the pardon will depend." Bacon's Abr., 412. Under the modern law the power to grant a conditional pardon is generally subject to the limitation that the conditions imposed must not be illegal, immoral, or impossible of performance. The conditions contained in the parole granted by Governor Bickett cannot be impeached on either of these grounds; and the defendant by accepting the pardon accepted also the conditions subsequent, a breach of which avoided the pardon and canceled his right to further immunity from punishment.
In re Williams, 149 N.C. 436; Fuller v. State, 122 Ala. 32. In (757) other words, when such breach by the defendant was duly determined, and his conditional pardon thereby avoided, the defendant at once became subject to rearrest, although the time for which he had been sentenced had expired. Any other process of reasoning would disregard the primary fact that the essential part of the sentence is the punishment and not the time when the punishment shall begin or end. This doctrine is clearly stated in State v. Horne, 7 L.R.A. (N.S.) 719. There the defendant was convicted in 1898 of assault with intent to murder, and sentenced to five years imprisonment; in 1901 a conditional pardon was granted; and in 1906, "long after the term of years of his original sentence had expired," the Governor of the State revoked the pardon and the defendant was recommitted to prison. The defendant contended that his imprisonment was illegal, and the lower court discharged him on the ground that the alleged breach of the conditions occurred after the period of his sentence had expired. The Supreme Court reversed the judgment, and, among other things, said: "The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, is not a part of the sentence at all. The essential portion of the sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it shall be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should, as a rule, be strictly executed. But the order of the court with reference to the time when the sentence shall be executed is not so material. Expiration of time without imprisonment is in no sense an execution of the sentence. Hollon v. Hopkins, 21 Kan. 638; Dolan's
case, 101 Mass. 219; S. v. Cockerman, 24 N.C. (2 Ired. L.) 204; Exparte Bell, 56 Miss. 282; In re Edwards, 43 N.J.L. 555; 38 Am. Rep. 653, note." And further: "The defendant in error accepted the conditional pardon, thereby securing his release from imprisonment; and he is bound by its legal conditions and limitations. The provisions of the *Page 809 
pardon are, in effect, that if at any time during his life the defendant in error shall fail to observe its conditions, the pardon shall be null and void, and he shall be arrested to serve out the remainder of his sentence of imprisonment that he has not already actually suffered. The violation at any time of the conditions of the pardon renders it, by its terms, null and void, and the status of the defendant in error is as though he had never received the conditional pardon. If, when the conditions of the pardon are violated, a portion of the quantum of imprisonment fixed by the sentence has not been suffered or served, the party should be returned to serve the remainder of his time of imprisonment, as stipulated in the terms of the pardon; and, besides this, the pardon, by the breach of its conditions, is rendered in law void; and, if the sentence of imprisonment has not been fully executed, the (758) law imposes the obligation to complete the service of imprisonment fixed in the judgment of conviction and sentence of punishment. The pardon may, as one of its restrictions and limitations, designate the time for the observance of its conditions; but, when the conditions are violated, the pardon becomes void in law, and the party is subject to the unsatisfied portion of the sentence as though no pardon had been granted."
In S. v. Barnes, 32 C.S. 14, the same question arose, and McIver, J., said: "While it is quite true that the term of two years imprisonment, to which the defendant has been sentenced in 1883, has long since expired, yet it is equally true that the defendant has not yet suffered imprisonment for that length of time; and as the pardon which he pleads has been adjudged insufficient to relieve him from suffering the whole punishment originally imposed upon him, it follows, necessarily, that he is still liable to be required to complete the term of imprisonment originally imposed, just as if he had escaped during that term. And such is the clear result of the authorities, both English and American."
These and other decisions fairly illustrate the principle which we think should be applied in the case at bar. There are others which apparently are in accord with the defendant's contention, but our researches have convinced us that the conclusion we have reached is supported by the better reasoning and authority. Fuller v. State, 122 Ala. 32; S. v. McIntire, 59 Am. Dec. 576 N; Ex parte Hawkins, 61 Ark. 321; S. v. Chancellor, 47 Am. Dec. 557; S. v. Smith, 19 Am. Dec. 679.
In our opinion the defendant cannot maintain his defense of exemption from rearrest on the ground that the breach of his parole took place after the expiration of the time for which he was originally sentenced.
The appeal is dismissed. *Page 810 
 Cited: Grocery Co. v. Newman, 184 N.C. 375; S. v. Vickers, 184 N.C. 677,678, 679; S. v. Phillips, 185 N.C. 624; S. v. McAfee, 189 N.C. 322; S. v.Schlichter, 194 N.C. 279; In re Ogden, 211 N.C. 102; In re Smith,218 N.C. 463.