ST. PAUL, J.
On May 11, 1923, the relator (defendant) was convicted of an offense and sentenced to pay a fine of $100 and serve 30 days in prison. By some error of the clerk the commitment read m the alternative. Relator paid the fine to the sheriff, and was released. On January 7, 1924, the district attorney discovered that relator had never satisfied that part of the sentence calling for imprisonment, and thereupon applied to the court for a new commitment in accordance with the sentence imposed. Relator, having been imprisoned thereunder, sued- out a writ of habeas corpus before the lower court; which after due hearing was discharged. Whereupon relator applied to this court for relief.
I.
In general a sentence of imprisonment should be executed at once, unless suspended by appeal or by some other mode authorized by law. But; where the execution of a sentence is suspended or delayed for some reason unauthorized by law, there is conflict of authority as to whether the convicted de *600 fendant may be imprisoned after the expiration of the term during which he should have served. 16 Corpus Juris, p. 1335, § 3142, and notes. But the “weight of authority” is that the unauthorized suspension of the sentence does not prevent the subsequent enforcement thereof (Id. note 79), and that, where a convicted defendant is at liberty and has not served his sentence, he may be arrested, as for an escape, and ordered into custody on the unexecuted judgment. 8 Ruling Case Law, p. 259, § 267.
IL
The principal case opposed to that view is In re Webb, 89 Wis. 354, 62 N. W. 177, 27 L. R. A. 356, 46 Am. St. Rep. 846, wherein it was held that an order committing a defendant to serve out a sentence previously ‘pronounced, but suspended (without authority), made after the time of imprisonment named in the sentence had expired, is void for wwnt of jurisdiction.
This case was followed in Ex parte Clendenning, 22 Okl. 108, 95 Pac. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628, 18 Ann. Cas. 152, which also cites In re Strickler, 51 Kan. 700, 33 Pac. 630, and Tuttle v. Lang, 100 Me. 123, 60 Atl. 892. But, as said in the note to the Clendenning Case, 19 L. R. A. (N. S.) 1041, the little authority to be found on the subject “is far from being in accord with” that case. And in Ex parte Eldridge, 3 Okl. Or. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967, the Oklahoma Criminal Court of Appeals simply did not follow that case (without comment), but cited with approval, and did follow, In re Collins, 8 Cal. App. 367, 97 Pac. 188; State v. Cockerham, 24 N. C. (2 Ired. Law) 204; Dolan’s Case, 101 Mass. 222; In re Shaw, 31 Minn. 44, 16 N. W. 461; Ex parte Vance, 90 Cal. 208, 27 Pac. 209, 13 L. R. A. 574; People v. Patrich, 118 Cal. 332, 50 Pac. 425—all of which hold contrary to the Clendenning Case.
III.
The principal case upholding the view set forth in paragraph I of this opinion is Miller v. Evans, 115 Iowa, 101, 88 N. W. 198, 56 L. R. A. 101, 91 Am. St. Rep. 143, wherein it was held that failure to execute a mittimus under a judgment sentencing a person to imprisonment for a certain number of days in case of failure to pay a fine, until after the prescribed number of days have elapsed, will not entitle the defendant to relief from the sentence, in the absence of any effort on his part to have it promptly executed.
The facts of that case were very similar to the case at bar. There, as in this case, the defendant was present in court when sentence was pronounced, and remained in the county during the entire period, interposing no obstacle to carrying out the sentence; there appears to have been no excuse whatsoever for the delay in carrying out the sentence. And the court cited with approval State v. Cockerham, supra, Ex parte Vance, supra, and Dolan’s Case, supra; also, Ex parte Bell, 56 Miss. 282; Hollon v. Hopkins, 21 Kan. 638; and Neal v. State, 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190, 69 Am. St. Rep. 175—all holding that the essential portion of a sentence is the punishment and the amount thereof, without reference to the time when it is to be inflicted, and that the only way of satisfying a judgment is by fulfilling its requirements.
Of the Webb Case, supra, the court said:
“We are unable to discover any reason for allowing the convict to thus profit by a delay to which he has assented, or in which he has acquiesced without objection.”
In Ex parte Vance, 90 Cal. 208, 27 Pac. 209, 13 L. R. A. 574, the facts were also somewhat similar to the case at bar. There the defendant was released by the. sheriff in the honest but mistaken belief, by both sheriff and defendant, that the sentence had been stayed by appeal. But nevertheless the sentence was held not satisfied, although the re *602 lease was unlawful and the term of imprisonment had expired.
IV.
As to Ex parte Bugg, 163 Mo. App. 44, 145 S. W. 831, we know not what to say; that ease approves both views quite impartially, and holds that “each case should rest upon its own peculiar facts and such course followed as will best promote the ends of justice.” All of which means simply, in effect, that the court may grant judicial pardons where the facts warrant that course; a doctrine to which we cannot subscribe.

Y.

Our own conclusion is in, accordance with the weight of authority as set forth in the first paragraph hereof. See, also, State v. Abbott, 87 S. C. 466, 70 S. E. 6, 33 L. R. A. (N. S.) 112, Ann. Cas. 1912B, 1189; Fuller v. State, 100 Miss. 811, 57 South. 806, 39 L. R. A. (N. S.) 242, Ann. Cas. 1914A, 98; Ex parte Hinson, 156 N. C. 250, 72 S. E. 310, 36 L. R. A. (N. S.) 352; Terrell v. Sheriff, 55 Fla. 596, 46 South. 727, 127 Am. St. Rep. 196; Spencer v. State, 125 Tenn. 64, 140 S. W. 597, 38 L. R. A. (N. S.) 680; State v. Oscar, 13 La. Ann. 297.
Decree.
The preliminary writs herein issued are therefore recalled, and relator’s demand is now rejected.