**Terry M. VEIT, Petitioner,**

v.

**Mr. W. H. CALDWELL, Supt. Craggy Prison Unit, Respondent.**

**No. 75–0115–HC.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 17, 1975.

Terry M. Veit, pro se.

Richard N. League, Asst. Atty. Gen., State of N.C., Raleigh, N.C., for respondent.

## MEMORANDUM DECISION

BUTLER, Senior District Judge.

Petitioner, a state prisoner, has been granted leave to file in forma pauperis an application for a writ of habeas corpus. Petitioner, represented by court appointed counsel, was convicted upon his pleas of guilty of kidnapping, larceny of an automobile, escape and assault with a deadly weapon, at the September 26, 1971 Session of the Superior Court of Wake County, North Carolina. The four cases were consolidated for judgment and a sentence of imprisonment for a term of 30 to 40 years was imposed "to run concurrently with any and all sentences the defendant is now serving in the Prison System."[1]

Petitioner alleges that "in a plea bargaining deal a promise was made and not kept"; that the plea bargain to which petitioner consented was an agreement that if he plead guilty to all charges, he would not be given more than 30 to 40 years to run concurrently with the sentences he was then serving; that petitioner thought that the concurrent sentence imposed would commence to run on the date that the 1969 sentences were imposed; that his attorney did not tell him that this would not be the case; and that "although probably through inadvertence", petitioner was misled and deceived into pleading guilty to a concurrent sentence which he believed would not lengthen his term of imprisonment.

The facts alleged in the petition disclose that the plea bargain to which petitioner agreed was honored by the court and petitioner was sentenced in exact conformity with the agreement.

Generally, the time when a sentence of imprisonment shall commence is no part of the sentence. The essential part of the sentence is the punishment and not the time when the punishment shall begin. *State v. Cockerham*, 24 N. C. 204; *State v. Yates*, 183 N.C. 753, 111 S.E. 337; *Bernstein v. United States*, 4 Cir., 254 F. 967; Ex parte Aubert, D.C., 51 F.2d 136.

The beginning date of a sentence of imprisonment may be contingent upon various factors unknown at the time of sentencing, and in the absence of an express misrepresentation with respect to the time the sentence will begin, knowingly made for the purpose of inducing a defendant to plead guilty, his constitutional rights have not been violated. If the court should adopt plaintiff's theory and require every judge, prosecutor, and defense counsel to foresee the unforeseeable, the execution of many sentences would be rendered unenforceable.

Petitioner does not allege that either the presiding judge, the prosecutor, or his court-appointed attorney told or promised him that the concurrent sentence would begin to run on the same date that the 1969 sentences were imposed. Petitioner's contention that he "thought" the service of his concurrent sentence would begin retroactively was not induced by any misrepresentation and is not a sufficient claim upon which to base habeas relief. Now, therefore,

It is ordered that a judgment be entered in accordance with this memorandum decision dismissing petitioner's application for a writ of habeas corpus.

---

[1]. The petitioner alleges that at the time the sentence of 30 to 40 years was imposed he was serving the following sentences in the North Carolina prison system imposed at the April 26, 1969 Term of the Superior Court of Burke County, North Carolina; (a) a 12 to 20 year sentence for two counts of kidnapping in consolidated cases Nos. 69–Cr–159 and 69–Cr–160, and (b) a 6 to 10 year sentence for armed robbery in case No. 69–Cr–161; the sentences in case No. 69–Cr–161 to run consecutively to the sentence in cases Nos. 69–Cr–159 and 69–Cr–160.