Whitney *v.* The State.

6L 247
9L 652

## THOMAS WHITNEY *v.* THE STATE.

CRIMINAL LAW. *Judgment. When final. Cannot be changed at subsequent term of court.* An entry in these words, upon a verdict of conviction or plea of guilt, "In this case, it is considered by the court that the defendant should pay a fine of ten dollars and the costs of the case, but suspends judgment until the next term of the court," is a judgment, and the court cannot change that judgment at the next term by the addition of imprisonment.

---

FROM SUMNER.

---

Appeal in error from the Circuit Court of Sumner county.   J. C. STARK, J.

J. J. TURNER for Whitney.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Whitney was indicted in two cases for assault and battery, and in a third case for carrying a pistol. In the latter case, and in one of the cases for assault and battery, he was found guilty by the verdict of a jury, and pleaded guilty to the other indictment for assault and battery. In each of these cases the court, on the 14th of November, 1879, made the same entry, except that the fine in one of the assault and battery cases was five dollars, and in each of the other two cases ten dollars. The entry is as follows: "In this case, it is considered by the court that the defendant

should pay a fine of ten dollars and the costs of the case, but suspends judgment until the next term of the court." The defendant then entered into a recognizance with surety, in the three cases, to appear at the next term of the court, "to abide by and perform the judgment which may be rendered by said court in these cases, unless the fines and costs in these cases are sooner paid." At the next term, the defendant appeared in accordance with the terms of his recognizance, and informed the court that he was unable to secure the fine and costs. The court, thereupon, rendered judgment in each case as follows: "Whereas, at a former term of the court the defendant was convicted of an assault and battery, and judgment was suspended, it is therefore ordered by the court that the defendant pay a fine of ten dollars and the costs, and that he be imprisoned in the jail of the county for the space of thirty days from this date." The other entries varied only in one case in the amount of the fine, and in both cases in making the imprisonment commence at the expiration of the term of imprisonment in the previous case. The defendant appealed in error.

The error assigned is, that the court had rendered judgment in each of the cases at the trial term, and could not at a subsequent term change the judgment by increasing the punishment. If it be true that judgment was rendered at the trial term, then it was beyond the power of the court to change that judgment at the next term, or even at the same term if the judgment be executed: *Lange ex parte,* 18 Wall.,

163.   On the other hand, if there was no judgment, the power of the court to render it at the subsequent term is equally certain : *Greenfield* v. *State*, 7 Baxt., 18.   And the court may suspend the execution of its judgment in a proper case : *Allen* v. *State*, Mart. & Yer., 294; *Fults* v. *State*, 2 Sneed, 232.   The question, therefore, is, whether the language of the original entries amounts to a rendition of judgment.   We are constrained to say that it does, and that only the execution of the judgment was suspended, although the intention of the trial court may have been otherwise. The judgments appealed from will be reversed . and annulled, leaving the original judgment in full force.