## S. S. GIBSON v. THE STATE.

CRIMINAL LAW. *Sentence suspended in part. Second punishment.*

> Where one, being convicted, is liable to be sentenced to a pay a fine and costs, and the court, without objection (and presumably by his consent) suspends sentence except as to costs, and orders that the defendant stand committed until the costs are paid, it is competent at a future term to impose sentence of the fine and additional costs accrued. This is not a second punishment for the offense.

FROM the circuit court of Warren county.

HON. J. D. GILLAND, Judge.

At the July term, 1889, of the court below appellant pleaded guilty to an indictment charging him with unlawfully retailing spirituous liquors. Thereupon judgment was entered suspending sentence as to a fine, but the defendant was taxed with the costs of the prosecution, and it was ordered that he should stand committed until the costs were paid. It does not appear that he either consented or objected to the order; as to this the record is silent. At the March term, 1890, on motion of the district attorney, the court

sentenced the defendant to pay a fine of $75 " and also the costs of this prosecution not heretofore paid."

From this judgment the defendant appealed.

*Joseph Bien,* for appellant.

The court at the July term having sentenced the prisoner to pay costs and to be imprisoned unless he should satisfy the judgment, the jurisdiction was exhausted, and there was no power at the succeeding term to render another or any further judgment in the case. The defendant had suffered part of the penalty. There was nothing done on his part to suspend sentence or continue the jurisdiction of the court. His liberty could not again be put in jeopardy in this way. If the court could compel a defendant to pay the costs at one term and impose a fine at another, it could divide the fine and enter judgment for portions at different terms of the court. After the term at which the judgment was rendered, the court had no power over the judgment. *McComb* v. *Ellett,* 8 S. & M. 505; *Fellows* v. *Griffin,* 9 Ib. 362; *Wiggle* v. *Owen,* 45 Miss. 691; *Easterling* v. *The State,* 35 Ib. 210; *Parker* v. *The State,* 51 Ib. 535; *Ex parte Lange,* 18 Wall. 163.

Costs imposed are a part of the judgment, and when paid the defendant has suffered a part of the penalty. *Ex parte Meyer,* 57 Miss. 85.

Under the constitution no man's life or liberty can be twice placed in jeopardy for the same offense. The court is referred specially to the case of *Easterling* v. *The State, supra.*

It is submitted that the judgment appealed from, imposing a second sentence on the defendant, is without authority and void.

*T. M. Miller,* attorney-general, for the state.

CAMPBELL, J., delivered the opinion of the court.

As the defendant pleaded guilty, and was liable to be immediately sentenced to pay a fine and costs, and to be imprisoned, and the court, presumably with the consent of the defendant for whose benefit it was and who did not object, suspended judgment and postponed sentence except for costs, no wrong was done to him by pro-

nouncing at a future term the sentence, which might have been immediately given, but was thus delayed.

*It is not the case of a second punishment for an offense.*

It does not appear that the costs were paid but, if they were, that was the condition on which the postponement of sentence was made.

                                                  *Affirmed.*