THE STATE v. PHILLIP HATLEY et al.

*Judgment—Punishment—Certiorari.*

Upon a conviction the defendants were adjudged to be imprisoned and pay costs, but the Court at the same time directed that if the defendants left the State within thirty days, no *capias* was to be issued ; defendants did leave, but returned into the State very soon afterwards, when they were arrested and imprisoned : *Held—*

1. That while the Court had no power to banish the defendants, the judgment in respect to the imprisonment and costs was valid, and could be enforced upon their return to the State.

2. That the defendants having failed to appeal from the judgment in apt time, a writ of *certiorari* would not be granted.

PETITION of defendants for writ of *certiorari*, heard before the Supreme Court.

The petitioners allege that at Fall Term, 1891, of Stanly Superior Court they were tried upon an indictment for keeping a disorderly house, and pleaded guilty to the charge with the understanding and agreement with the prosecutor in said cause that judgment was to be suspended upon the payment of costs; that the Solicitor for the State prayed the judgment of the Court, and the Court thereupon made the following order: "Ordered by the Court that the defendants Philip Hatley and Martha Hatley be imprisoned for twelve months in the county jail, but if the defendants leave the State in thirty days no *capias* to issue; otherwise, *capias* do issue and defendants to be imprisoned for twelve months each. Judgment against defendants for costs, to be taxed by the Clerk."

They further allege that their imprisonment is illegal, for that, upon being so sentenced, they left the State within thirty days from the expiration of the term of the Court, and went to the State of South Carolina and remained there for ____ months, and returned about the 7th day of December, and they insist that they had complied with the judgment of the Court, but the Sheriff of Stanly County, in obedience to a *capias* issued by the Clerk of the Superior Court of said county, arrested them and imprisoned them in the common jail of the county, where they still remain. They also insist that their imprisonment is illegal, because the judgment of the Court is an alternative judgment, and therefore void. They further insist that the Judge transcended his power in passing sentence of banishment from the State as a punishment, which was illegal.

The petitioners further say that, intending to comply with the judgment of the Court, they did not appeal at the time the judgment was rendered, and having left the State within

the time limited by the judgment, they did not take an appeal.

*The Attorney General,* for the State.
*Mr. S. J. Pemberton,* for defendants.

DAVIS, J.—after stating the case: It is earnestly insisted by counsel for defendants that the judgment is an alternative judgment, and as such is void.

Is it an alternative judgment? If so, the authorities are abundant to settle the question of its invalidity. *Strickland* v. *Cox,* 102 N. C., 411, and cases there cited.

The Court had no power to pass a sentence of banishment, and we think the judgment of the Court cannot be fairly construed as a judgment of banishment; if so, it would be void. The only judgment passed by the Court was that the defendants be imprisoned twelve months, and the words " but if the defendants leave," etc., constitute no part of the sentence or judgment of the Court, but were manifestly intended only as a note or memorandum directing the Clerk to postpone the period at which the sentence shall go into execution, and not as a punishment for the defendants or an infliction upon some other community, predicated upon the assumption that it would be desirable and beneficial, both to the community in which they were engaged in the bad calling of keeping a disorderly and disreputable house, and to the defendants, in giving them an opportunity to reform under new surroundings.

Such course is not unfrequent, and though dictated by the best intentions to benefit the public, as well as offenders, is not to be commended. We think it quite clear, when the defendants left the State and speedily returned (for it appears that the Court was held in the latter part of October and they returned early in December), they came within the condition upon which the Clerk was to issue the *capias.*

The application for the writ of *certiorari* is not as a substitute for a lost appeal, for it is manifest that the defendants did not intend to appeal, and if they did, they have been guilty of laches, and the judgment, as we have seen, being valid, the petition is

Denied.