## STATE v. BAKER.

1. EVIDENCE.—A CONFESSION voluntarily made, without warning that it would be used against confessor, is competent evidence against him.
2. ARGUMENT.—It is not error for solicitor to read in argument confession introduced in evidence, but not read at time of introduction.
3. JUDGMENT—SENTENCE.—A JUDGE has no power to pass an alternative sentence of so many years, and then of so many more, or banishment from State.
4. IBID.—IBID.—NEW TRIAL.—An erroneous sentence only affects the sentence, and will be reversed without granting a new trial.

Before BUCHANAN, J., Newberry, February, 1900.   Reversed.

Indictment against DeVillius B. Baker.   From verdict and sentence, defendant appeals.

*Mr. Cole L. Blease,* for appellant, cites: *Defendant not having been warned, confession was inadmissible: State* v. *Branham,* 13 S. C., 58, 765; 36 S. C., 524.   *Sentence improper:* Con., sec. 11, p. 21; sec. 19, p. 8.

*Assistant Attorney General U. X. Gunter,* contra.

June 30, 1900.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   The defendant was tried and convicted of the crime of grand larceny in February, 1900, and after sentence appealed to this Court.   His grounds of appeal are four in number: "I. Because the presiding Judge erred in allowing the paper marked as an exhibit, and purporting to be a confession made by the defendant, Baker, at the preliminary held in this case, introduced and used as evidence in this case.   II. Because the presiding Judge erred in allowing the solicitor to read the letter and said statement, or

so-called confession, to the jury after the State had closed its case and defendant's attorney had stated that the defense would offer no testimony, and that he did not desire to make any argument, and the solicitor stated 'neither do I, except to read the papers that have been introduced.' The papers having not been read when introduced, and the reading of them had not been asked for by the Court or the jury. III. Because the presiding Judge erred in charging the jury: 'Well, the rule is this: Where it is done freely and fairly, without the flattery of hope or the fear of force or violence, it is admitted as evidence, as the truth, if you find it worthy of belief, against the person who utters it.' IV. Because the sentence imposed upon the defendant, Baker, is contrary to the statute law and Constitution of this State."

In disposing of the question raised as to the admission of a confession of guilt by the defendant, when reduced to writing, we may remark that the written confession in this case was made without solicitation, importunity, promise or threat being used to induce the same. Confessions are admitted, if made voluntarily. The jury is not required by law to believe a confession. The jury may accept a part, and reject the balance. All the safeguards thrown around confessions by the law is to insure truth. Once it is ascertained that the confession is true, no great attention is paid to technical rules. For instance, it was at one time held that a person charged with crime must be admonished that if he made any statement against himself, it would prejudice his case; but in *The State* v. *Workman,* 15 S. C., 544, this Court held that "No previous warning was necessary." In that case, quoting from 1 Green. on Evidence, section 299, it was said: "Neither is it necessary to the admissibility of any confession, to whomsoever it may have been made, that it should appear that the prisoner was warned that what he said would be used against him; on the contrary, if the confession was voluntary, it is sufficient, though it should appear he was not warned." The confession in question, in the case at bar,

was fortified by a second confession in writing, against which no objection was urged. This second confession, or admission, was made in a letter written by the defendant, whereby, while inculpating himself, he sought to relieve from the charge of grand larceny one of his alleged companions in crime. This exception is overruled.

We overrule the second exception. Both the confession made by the defendant at his preliminary trial before J. W. Werts, Esq., as a magistrate, and also the letter written by the defendant, as it appears upon the record for appeal, were introduced as testimony. It was perfectly competent for the solicitor to read them to the jury.

The third exception relates to an alleged error of the Circuit Judge in expressing to the jury what was necessary to be shown in order to render a confession admissible in testimony. The Judge said, in substance, it must appear not to have been induced by promises nor extorted by fear, and even then it must be believed by the jury. We see no reversible error here. The exception is overruled.

When we come to the fourth exception, we are bound to sustain it. After the prisoner was convicted of grand larceny, the Circuit Judge imposed the following sentence upon him : "The sentence of the Court is that you, DeVillius Baker, be confined in the State penitentiary, at hard labor, for the term of seven years. After you have served five years, you will be released, with the understanding that you leave the State and never set foot in it again. If you do return, after notice on you by the State and a cause shown, you will be called back to serve out the full term (additional two years), so as to make seven years ; otherwise, you will be discharged after service of five years." We do not recognize the Circuit Judge as possessing any right to impose such a sentence as is involved in the perpetual banishment of the defendant from the State, set out in the sentence. But this infirmity does not extend beyond the mere sentence itself. There is no invalidity in the trial. This Court held in the case *The*

8—58

*State* v. *Trezevant,* 20 S. C., 364, when speaking of a defective or illegal sentence: "We do not see why it should affect the whole proceeding, and, therefore, render a new trial necessary. The error occurred after trial and conviction, and applied to the subsequent proceeding, to wit: the sentence only, and in reason, the remedy should extend only so far as the error extended. The weight of authorities sustain this view: 1 Bish. Cr. Pro., s. 1293; *McCue* v. *Commonwealth,* 76 Pa., 191; 21 Am. Rep., 7; *State* v. *Johnson,* 67 N. C., 59." The case of State *v.* Trezevant, *supra,* was reaffirmed in *State* v. *Jefcoat,* 20 S. C., 283. We feel bound, therefore, to overrule all the other exceptions except the fourth, which last we sustain.

It is the judgment of this Court, that the judgment of the Circuit Court, as to pronouncing sentence, be reversed, and that the case be remanded to the Circuit Court for resentence.