IN THE MATTER OF LEO HINSON, ALIAS MRS. ERNEST ROCHELLE.

(Filed 11 October, 1911.)

**Power of Courts—Sentence of Imprisonment—Temporary Withholding of Capias—Conditioned on Prisoner Leaving County—Rearrest—Limitation of Actions.**

A verbal order of the trial judge to the clerk not to issue a capias to carry into effect a sentence of eight months imprison-

ment of defendant in the county jail, until fifteen days after the adjournment of court, and his saying to the prisoner if she would leave the county within the fifteen days and not return she would not be compelled to serve her sentence, is not a decree of banishment, as it is for the prisoner's volition as to whether she would leave and avoid serving a legal imprisonment; and the fact that she did leave within the time allowed and returned after a longer period of time than that of the sentence will not avail her as a defense, as her absence was not equivalent to serving her sentence, and there is no statute of limitations in such cases.

APPEAL by petitioner from *Whedbee, J.,* in *habeas corpus* proceedings, from WAYNE, heard 7 June, 1911, at Goldsboro.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*W. S. O'B. Robinson, George E. Hood, and R. M. Robinson for petitioner.*

*Attorney-General contra.*

CLARK, C. J. This is a *certiorari,* in lieu of an appeal, to review a judgment denying the discharge of the petitioner on *habeas corpus. In re Holley,* 154 N. C., 163.

At August Term of Wayne, 1910, the petitioner was convicted of retailing spirituous liquor. The entry on the docket is simply, "Judgment of the court that the defendant be imprisoned in the county jail for eight (8) months." The judge below, in this proceeding, finds that the trial judge said to the defendant that if she would leave the county of Wayne and not return, she would not be compelled to serve the sentence of imprisonment, and directed the clerk of the court verbally not to issue capias to carry into effect the judgment pronounced until fifteen days after the adjournment of the court. Within that time the petitioner left the county of Wayne and took up her abode in the adjoining county of Wilson, where she abided until after the expiration of the eight months, when she returned to Wayne. Thereupon she was taken in arrest upon the capias issued by the clerk, as directed by the trial judge, fifteen

days after the adjournment of said court, and was imprisoned in the county jail in execution of the judgment above set out.

The petitioner being in jail under a judgment of the court, his Honor properly refused to discharge her. If the judge had suspended judgment and afterwards in accordance with the terms thereof had passed sentence it would have been valid. *S. v. Hilton,* 151 N. C., 687. The judge might in his discretion have passed judgment to begin at some future time (*S. v. Hamby,* 126 N. C., 1066), as, for instance, to begin fifteen days after the adjournment of the court. But he did neither of these things. He did less. He rendered an absolute judgment of imprisonment, and simply directed the clerk not to issue capias thereon for fifteen days. This was in his discretion. This is sometimes done to give the defendant time to go home and arrange his affairs. In this case the kind-hearted judge, doubtless on account of the sex of the defendant, purposely gave her an opportunity to avoid execution of her sentence. In *S. v. Hatley,* 110 N. C., 522, the Court said that "Such course is not infrequent, and though dictated by the best intentions to benefit the public, as well as offenders, is not to be commended," adding, that the court had no power to pass a sentence of banishment, but that the judgment of the court could not be fairly so construed, and that if the defendant returned after the time specified, capias should be issued to execute the judgment.

The judgment of the court herein is unequivocal. The opportunity which the withholding of the capias afforded the defendant to escape was not a decree of banishment. There was nothing requiring her to leave. If she left it was of her own free will and accord, and was legally a flight from justice. The defendant cannot plead her own wrong in leaving the jurisdiction of the court, by her own voluntary act, as a protection against a legal sentence.

The distinguished counsel who represented the defendant attempted to distinguish this case from *S. v. Hatley, supra,* on the ground that in this case the defendant remained in the adjoining county for the full eight months of the sentence. There is no statute of limitations in such case. The position of counsel could be sustained only on the ground that eight months

sojourn in another county is the equivalent of eight months imprisonment in the county jail of Wayne. His loyalty to his home is like that of the Argive,

> "Who, in dying, remembered sweet Argos."*

His position if submitted as a proposition of fact to a Wayne County jury might possibly not be altogether hopeless, but we cannot sustain it as a proposition of law. The judgment is

Affirmed.

---

*"Dulce moriens reminiscitur Argos."   Verg., 10 En., 783.