STATE v. LOUISE WALKER.

(Filed 17 March, 1920.)

1. **Criminal Law—Warrants—Amendments—Vagrancy—Suppression of Prostitution—Statutes—Sentence—Judgments.**

The punishment under the act for the suppression of prosecution, ch. 215, Laws of 1919, exceeds an imprisonment of thirty days or a fine of fifty dollars, and where a prosecution is heard in the Superior Court on a warrant issued by the mayor of a town, and not on appeal from the recorder's court, nor upon indictment found by a grand jury, and an amendment has been allowed in the language of Rev., sec. 3740 (7) defining vagrancy, and limiting the punishment to a fine of fifty dollars or imprisonment for thirty days, a sentence upon conviction, for twelve months cannot be sustained.

2. **Criminal Law—Warrants—Second Offense.**

Where the statute imposes a greater punishment for a second criminal offense, the first offense must be charged in the warrant, being a portion of the discription of the offense charged, for the imposition of the greater sentence.

3. **Criminal Law—Warrants—Amendments—Reduced to Writing—Courts Discretion—Orders, Self Executing.**

Where a warrant in a criminal action charges the defendant with "being a vagrant," it is within the discretion of the Superior Court judge to allow an amendment specifying the particular act under which it has been issued, in this case, Rev., sec. 3740 (7) ; and while it is the better practice to reduce the amendment to writing at the time, the order is self executing, and failure to do so does not destroy its legal effect.

4. **Appeal and Error—Criminal Law—Sentence—Judgment—Statutes—Case Remanded.**

Where a conviction for vagrancy has been legally had under Rev., sec. 3740 (7), and the sentence has been imposed of imprisonment for twelve

months allowed under the Act to Suppress Prostitution, ch. 215, Laws of 1919, the case will be remanded for the imposition of the proper sentence.

APPEAL by defendant from *Daniels, J.,* at the December Term, 1919, of LENOIR.

The defendant was convicted before the mayor of Kinston on a warrant charging that she "did unlawfully and wilfully violate a law of the State of North Carolina, No. .........., sec. .........., by being a vagrant," and appealed to the Superior Court, where she was again convicted.

After verdict, the defendant moved in arrest of judgment, and the solicitor for the State asked to be allowed to amend the warrant. The motion to amend was allowed, but the amendment, which added to the warrant, subsec. 7 of sec. 3740 of the Revisal, defining vagrancy, was not reduced to writing until after the term of court expired. The defendant excepted.

The motion in arrest of judgment was overruled, and defendant excepted.

His Honor then sentenced the defendant to twelve months in jail, finding in the judgment that this was a second conviction for the same offense, and the defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Joe Dawson for defendant.*

ALLEN, J. The sentence of imprisonment for twelve months cannot be sustained under ch. 215, Laws of 1919, an act passed for the repression of prostitution, because the punishment for all the offenses condemned in that act exceeds imprisonment for thirty days, or a fine of $50, and this prosecution was heard in the Superior Court on a warrant issued by the mayor, and not on appeal from the recorder's court, nor was any indictment found by a grand jury.

It is also clear from the amendment allowed that the court was not proceeding under the act of 1919, as it is in the language of sec. 3740, subsec. 7, of the Revisal, which defines vagrancy, and limits the punishment to a fine of $50 or imprisonment for thirty days.

Nor can the judgment be approved on the ground that this is a second conviction for the same offense, because the first conviction is not alleged in the warrant. This was the precise question decided in *S. v. Davidson,* 124 N. C., 839, and it is in accord with the authorities elsewhere.

"Where, in case of repeated convictions for similar offenses, the statute imposes an additional penalty, an indictment for a subsequent offense must allege the prior convictions, since such convictions, although

they merely affect the punishment, are regarded as a portion of the description of the offense." 22 Cyc., 356.

The judgment must therefore be set aside, and the question remaining for decision is whether the warrant is sufficient to sustain any judgment.

It charged vagrancy before amendment, which seemingly is as specific and definite as the warrant, which was held to be valid in *S. v. Moore,* 166 N. C., 284, but, however this may be, the court, exercising its discretion, allowed an amendment, which it had the power to do (*S. v. Cauble,* 70 N. C., 64), and the amendment points to the subsection of the act defining vagrancy, which the defendant is alleged to have violated, which is sufficient in a warrant, with which the courts deal more liberally than with indictments.

The fact that the amendment was not reduced to writing at the time it was allowed does not destroy its legal effect, but it is the better practice to require this to be done.

In *S. v. Yellowday,* 152 N. C., 793, there was a motion in arrest of judgment by the defendant, and one to amend by the State, as in this case, and the amendment allowed, a material one, and it was held that the order of amendment was self-executing, although the amendment was not reduced to writing.

The Court says: "It appears from the record that the court ordered an amendment of the warrant, by the insertion therein of the words, 'without a license so to do,' but the words were not actually inserted in the complaint or the warrant by the solicitor. The order of the court, as has been decided by this Court several times, was self-executing. In the case of *Holland v. Crow,* 34 N. C., 280, *Chief Justice Ruffin,* for the Court, says: 'The variance between the relators in the petition and the *scire facias* is cured by the order for amendment. It is true, the amendment was not actually made. But the *scire facias* was issued upon the assumption of the amendment, and all the subsequent proceedings were based upon the supposition that one was as properly a relator as the other, and in such cases the course is to consider the order as standing for the amendment itself.' He cited the case of *Ufford v. Lucas,* 9 N. C., 214, in which it is held, as it was in the case just cited, that where, during the pendency of the suit, leave is obtained to amend the writ and change the form of action, if such amendment be not made on the record, and the suit be tried in its amended form or as if the amendment had been actually made, this Court will consider the case as if the amendment had been properly inserted in the writ, warrant, or complaint at the time the order was made by the court. This is a most just and reasonable rule, and is essential to the due administration of the law."

In this case no objection was made at the time to proceeding as if the amendment had been drawn out, nor is there any claim that the

amendment appearing in the record is not the one ordered by the court.

We are therefore of opinion that judgment may be pronounced on the warrant as amended, and following the precedent in *S. v. Taylor,* 124 N. C., 803, and in other cases the cause is remanded in order that judgment may be entered upon the verdict under the Vagrancy Act.

Remanded.