## JOHN J. GOUVIA FOR WRIT OF HABEAS CORPUS.

### JUNE 28, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Criminal Law.   Suspension of Sentence.*

Whether the Superior Court has the inherent right in the absence of statutory authority to suspend execution of sentences, for a brief and definite period, is not decided, but in any event the court did not, by suspending the execution of a sentence for eight days, lose jurisdiction to thereafter enforce it.

HABEAS CORPUS.  Heard and prayer for relief denied.

RATHBUN, J.   This cause was heard on questions of law raised by a petition for writ of *habeas corpus.* In the Superior Court John J. Gouvia, the petitioner, on June 4, 1923, pleaded *nolo contendere* to a criminal complaint charging him with the unlawful possession of intoxicating liquors.   Thereupon he was sentenced by a justice of said court to pay a fine in the sum of one hundred dollars, to pay all costs of prosecution and to be committed to the State jail in the county of Providence until sentence be performed in all its parts.  Immediately upon the imposition of the sentence the execution thereof was, by order of the court and with the consent of the Attorney General and of said Gouvia, suspended until June 12, 1923, and Gouvia, the petitioner, was told by the court to pay the fine to the clerk of the Superior Court on  or before  said date. On June 13, 1923, it appearing that the petitioner had not paid said fine, said justice issued a writ of *capias* commanding the sheriff and his deputies to apprehend the petitioner and bring him before the Superior Court.   After the petitioner was taken into custody but before he was brought before the Superior Court this court issued its writ of *habeas corpus* directed to Sanford E. Kinnecom, the deputy sheriff

having, by virtue of said *capias*, the custody of the peti-
tioner. Said deputy in accordance with the commands of
said writ brought the petitioner before this court. The
petitioner's personal recognizance was taken and the case
was assigned for hearing.

The petitioner contended that the Superior Court was
without legal authority to make the order suspending the
execution of said sentence and, by permitting the petitioner
to depart, lost jurisdiction to enforce said sentence.

Did the court, by staying execution of the sentence for
eight days, lose jurisdiction to enforce the sentence? In
some jurisdictions it is held that án indefinite postponement
of sentence, as for example, during the good behavior of
the defendant, deprives the court of jurisdiction to sentence
at a subsequent term and is in effect a discharge of the
prisoner; and in many other jurisdictions, even where the
subject is not regulated by statute, the indefinite postpone-
ment of sentence being for the benefit of the prisoner and with
his express or implied consent, it is held that the court can
pronounce sentence against him whenever he violates the
condition attached to the suspended sentence. In the
case before us the court did not suspend sentence indefinitely
but suspended execution of the sentence for a limited time
with the consent of the petitioner and for the apparent
purpose of giving him an opportunity to obtain the money
with which to pay the fine. The petitioner relies upon *Ex
parte United States*, 242 U. S. 27, to support his contention
that the Superior Court was without authority to suspend
the execution of his sentence. The defendant in the latter
case pleaded guilty before a district court of the United
States to the charge in the indictment against him and was
sentenced to imprisonment in the penitentiary for five years.
At the time the sentence was imposed the court, at the de-
fendant's request, ordered that the execution of the sentence
be suspended during the good behavior of the defendant.
On application to the United States Supreme Court for
writ of *mandamus* to compel the judge of said district court

to set aside the order suspending the execution of said
sentence the court held that an indefinite suspension,
being the legal equivalent of an absolute and permanent
refusal to impose any sentence, was beyond the power of
the court and ordered that the writ issue at the end of the
term of court and sooner at the request of the United States.
The court did not hold either that it was or was not beyond
the power of courts to temporarily suspend until a definite
time, the execution of sentences. The opinion quotes at
length from Hale's Pleas of the Crown (Vol. 2, Chapter 58,
p. 412) from which authority it appears that a practice of
temporarily staying of sentence for crime was followed,
especially in capital cases, by the courts of England where
there was no appeal as a matter of right from a conviction
for crime. In this country it has been held in a few juris-
dictions to be an inherent power of courts, in the absence
of a statute forbidding the practice, to suspend, for a definite
period or indefinitely, the execution of a sentence. See
*State v. Drew*, 75 N. H. 402; *People v. Goodrich*, 149 N. Y.
Sup. 406; *Weber v. State*, 58 Ohio St. 616. In many states
the subject is regulated by statute.

It is clear that the legislature has not conferred upon
the courts of this state the power to suspend execution of
sentences. Whether the Superior Court has the right to
suspend for a brief and definite period the execution of
sentences it will be unnecessary, for the determination of the
case before us, to decide for, conceding that the Superior
Court, in suspending the execution of the sentence, exceeded
its legal power, the petitioner's contention that said court,
by reason of the suspension lost jurisdiction to enforce the
sentence is opposed to the better reason and the great weight
of authority.

In the *Matter of Hinson*, 156 N. C. 250, it appears that
at the time the defendant was sentenced to serve eight
months in jail the trial judge ordered the clerk not to issue
a *capias* to take defendant to jail until after fifteen days
and at the same time told the defendant that if she would

leave the county she would not be required to serve the sentence.   Defendant returned after eight months and was committed.   It was held; that absence for eight months was not equivalent to serving the sentence and that the court had not lost jurisdiction to enforce the sentence. The court said: "The Judge might in his discretion have passed judgment to begin at some future time (*S. v. Hamby*, 126 N. C. 1066) as, for instance, to begin fifteen days after the adjournment of the court."

In *State v. Drew*, 75 N. H. 402, the county solicitor agreed that that part of the sentence that required imprisonment might be suspended.   The court attached to the record of sentence a memorandum as follows: "*Mittamus* to issue at the call of said solicitor."   At the request of said solicitor *mittamus* was issued and the defendant was committed after the time when the sentence would have been served if defendant had been committed at the time of sentence.   The court, holding that the commitment was legal, said: "Concede that the court had no authority to suspend the sentences, and the fact still remains that it had power to impose them; and as the two parts of the order are separate and distinct, the illegality of the last part would in no way effect the validity of the first part.   *Sylvester v. State, supra.*" (65 N. H. 193, 20 Atl. 954) "That is, if the part of the court's order complained of were illegal, the part of which no complaint is made would still be valid, and it would be the duty of the court to enforce it; for, as was said in a recent case *Petition of Moebus,* (73 N. H. 350, 352), 'The sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority.' "

In *Fuller v. State*, 100 Miss. 811, the court held; that the power to suspend the execution of a sentence during good behavior had not been conferred upon any court in the state by the constitution or statutes, and that, as such power was not essential to the existence of courts, they have no such inherent power.   The court said: "That

portion of the judgment which directed 'that the jail sentence be suspended during the good behavior of the defendant' was void, and the defendant could have been taken into custody immediately upon the rendition of the judgment. The postponement of his imprisonment was presumably with his consent, for it does not appear that he at any time requested, as he had the right to do, to be taken into custody, and consequently he can not now object to being called upon to serve it. *'Consensus tollit errorum'*, *Gibson v. State*, 68 Miss. 241, 8 South, 329. It is immaterial that a longer period of time than that for which appellant was sentenced has elapsed since the sentence was imposed. While at large under this void order, to which he did not object, appellant was in the same situation that he would have been had he simply escaped from custody. In such case the sentence is not satisfied until it has been actually served." The opinion was approved in *Hoggett v. State*, 101 Miss. 269. See also *People v. Goodrich*, 149 N. Y. Sup. 406; *Weber v. State*, 58 Ohio St. 616; *In Re Collins*, 8 Cal. App. 367; *Gibson v. State*, 68 Miss. 241; *Miller v. Evans*, 115 Iowa, 101; *State v. Hatley*, 110 N. C. 522; *Fults* v. *State*, 34 Tenn. 232; *Whitney v. State*, 74 Tenn. 247; *Ex parte, United States*, 242 U. S. 27 and cases cited.

The prayer for relief is denied and the cause is set down for further action by this court on Monday, July 2, 1923, at nine o'clock A. M., Standard time, at which time the petitioner is hereby ordered to appear and abide the final order of this court.

*Joseph H. Trainor*, for petitioner.

*James T. Greene*, Second Assistant Attorney General for State.