STATE v. MRS. T. E. McAFEE.

(Filed 25 March, 1925.)

1. **Criminal Law—Sentence—Suspended Judgment—Capias—Judgments Upon Condition.**

　　A sentence imposed for the violation of the prohibition law confined the defendant for a definite period in the county jail, suspended for thirty days upon payment of costs by defendant, with *capias* to issue if the defendant was then found in this State, is not objectionable as a conditional judgment.

2. **Same—Capias—Solicitor's Discretion—Discretion of Court.**

　　Where sentence in a criminal action is suspended, with *capias* to issue in the discretion of the solicitor, that part of the judgment which leaves the issuing of the *capias* to the solicitor's discretion is without authority of law, and will be disregarded, the discretion to issue the *capias* remaining with the judge in term.

APPEAL by defendant from *Daniels, J.,* and a jury, at October Term, 1924, of LENOIR.

Defendant was charged in the recorder's court of the city of Kinston with "having a quantity of whiskey in her possession for the purpose of sale, by possession and receiving whiskey, by transporting whiskey." She was convicted in the recorder's court, and from the judgment appealed to the Superior Court. In the Superior Court she was convicted by the jury "of having possession of whiskey for the purpose of sale." The court below rendered the following judgment:

"It is adjudged by the court that the defendant, Mrs. T. E. McAfee, be confined in the common jail of Lenoir County for a term of fifteen months. Execution of sentence suspended, upon payment of costs, for thirty days; if thereafter the defendant be found within the State of North Carolina, capias shall issue to the sheriff of Lenoir or to any other county in the State, at the discretion of the solicitor, and upon apprehension the defendant shall be committed to serve the sentence imposed."

From the judgment rendered, defendant excepted, assigned error, and appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Sutton & Greene and Joseph Dawson for defendant.*

CLARKSON, J. The defendant attacks the judgment of the Superior Court, alleging that the judgment was itself conditional and came within the principle which prohibits conditional judgments. But it was in no sense conditional. The judgment itself was that the defendant be confined in the common jail of Lenoir County for a term of fifteen months. The execution of the sentence was suspended upon payment of cost for thirty days; then, afterwards, if she was found in the State of North Carolina, capias was to issue, at the discretion of the solicitor.

We do not think the court below had authority to give the solicitor discretion as to when the capias should issue. The issuance of the capias should be under the control of the court and should not be delegated. The court may direct the capias to issue *instanter* or at a definite or stated time, to be fixed in the order. In the present case the court below can order capias to issue.

A solicitor is the most responsible officer of the court and has been spoken of as "its right arm." He is a constitutional officer, elected in his district by the qualified voters thereof, and his special duties prescribed by the Constitution, Art. IV, sec. 23 (judicial department), "and prosecute on behalf of the State in all criminal actions in the Superior Courts, and advise the officers of justice in his district." It is said, in *Lewis v. Comrs.,* 74 N. C., p. 198: "A solicitor is not a judicial officer."

*Walker, J.,* in *S. v. Vickers,* 184 N. C., p. 679, says: "The essential portion of the sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it shall begin to be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should as a rule be strictly exe-

cuted. But the order of the court, with reference to the time when this shall be done, is not so material. Expiration of the time without imprisonment is in no sense an execution of the sentence. *S. v. Yates,* 183 N. C., 753-758, citing cases. . . . It is manifest, then, we think, that if the judge had no authority to leave the time at which the capias should be issued to the discretion of the sheriff, that is no part of the judgment; and so, under the circumstances of this case, it may be enforced at any time for the full term upon an order of the court, as the defendant was in court, or upon the issuing of a capias by the clerk of the Superior Court under the direction of the judge, if he was not in court. It would be a mockery of justice if the defendant could, upon such slight departure from correct procedure, escape the lawful punishment for his crime." *S. v. Shepherd,* 187 N. C., 609.

The defendant had other exceptions and assignments of error, but none of them, we think, have merit.

For the reasons given, there is

No error.