## PEOPLE v. BAUM.

1. CONSTITUTIONAL LAW—CRIMINAL LAW—BANISHMENT FROM STATE UNAUTHORIZED.

   Sentence banishing convicted person from State for period of probation is not authorized by statute, is impliedly prohibited by public policy, and is therefore erroneous.

2. CRIMINAL LAW—ERRONEOUS SENTENCE DOES NOT REQUIRE NEW
  TRIAL.

    Erroneous sentence banishing convicted person from State for
  period of probation does not require new trial, but case is
  reversed, and remanded, with instructions to proceed to legal
  sentence.

Error to Berrien; White (Charles E.), J.   Submitted April 17, 1930.   (Docket No. 144, Calendar No. 34,697.)   Decided June 2, 1930.·

Eva Baum was convicted of violating the liquor law.   From a sentence imposing a fine and requiring defendant to leave the State for period of probation, defendant brings error.   Reversed and remanded.

*George H. Bookwalter,* for appellant.

*Wilber M. Brucker,* Attorney General, *Harold J. Waples,* Assistant Attorney General, and *Wilbur M. Cunningham,* Prosecuting Attorney, for the people.

POTTER, J.   Defendant was convicted of a violation of the liquor law and sentenced to pay a fine of $500 and $500 costs.   In addition, defendant "must leave the State of Michigan within 30 days and not return for period of probation," which was fixed at five years.   The sole question presented is the validity of this sentence, it being claimed by defendant it violates chapter 11, Act No. 175, Pub. Acts 1927, article 2, §§ 9, 15, and 16 of the Constitution of Michigan, and section 1 of Amendment 14 of the Constitution of the United States.

Banishment and deportation were not cruel and unusual punishments at common law.   On the contrary, banishment and deportation to criminal colonies was a common method of punishment in

England. Deportation of the nationals of foreign countries is a popular method of punishing undesirable aliens who commit crimes against the United States. The American States are not supreme, independent, sovereign States in relation to those things delegated by the people to the Federal government, though the States are all in the Union on the basis of equality of political rights. Independent national States have a right to protect their political institutions, their people, and their independent existence by excluding legally and forcibly undesirable foreigners. This is the basis of the laws of the United States restricting immigration. To permit one State to dump its convict criminals into another would entitle the State believing itself injured thereby to exercise its police and military power in the interest of its own peace, safety, and welfare, to repel such an invasion. It would tend to incite dissension, provoke retaliation, and disturb that fundamental equality of political rights among the several States which is the basis of the Union itself. Such a method of punishment is not authorized by statute, and is impliedly prohibited by public policy.

In *State* v. *Baker,* 58 S. C. 111 (36 S. E. 501), defendant was tried and convicted of grand larceny and sentenced to be confined in the State penitentiary for seven years. The sentence then continued:

"After you have served five years, you will be released, with the understanding that you leave the State and never set foot in it again. If you do return, after notice on you by the State and a cause shown, you will be called back to serve out the full term (additional two years), so as to make seven years; otherwise, you will be discharged after service of five years."

In reversing the case for the sentence, which the court held erroneous, it is said:

"We do not recognize the circuit judge as possessing any right to impose such a sentence as is involved in the perpetual banishment of the defendant from the State, set out in the sentence. But this infirmity does not extend beyond the mere sentence itself. There is no invalidity in the trial. This court held in the case *The State* v. *Trezevant*, 20 S. C. 363 (47 Am. Rep. 840), when speaking of a defective or illegal sentence: 'We do not see why it should affect the whole proceeding, and, therefore, render a new trial necessary. The error occurred after trial and conviction, and applied to the subsequent proceeding, to wit, the sentence only, and in reason the remedy should extend only so far as the error extended. The weight of authorities sustain this view. 1 Bish. Cr. Proc. (4th Ed.), § 1293; *McCue* v. *Commonwealth*, 78 Pa. St. 185 (21 Am. Rep. 7); *State* v. *Johnson*, 67 N. C. 55.' "

In *Re Vitali*, 153 Mich. 514 (126 Am. St. Rep. 535), it is said:

"The case of *People* v. *Farrell*, 146 Mich. 264, is authority for the proposition that where the trial court has imposed an illegal sentence it has the power to substitute for it a legal sentence notwithstanding the illegal sentence has been partly executed."

We think the sentence imposed on defendant erroneous. It is reversed, and the case remanded, with instructions to the trial court to proceed to a legal sentence of defendant.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.