STATE v. BEAUFORT KELLY, ALIAS BUFUS KELLY, AND FLORIDA BULLOCK.

(Filed 20 June, 1934.)

1. Kidnapping C b—Life sentence is not mandatory upon conviction of kidnapping under ch. 542, Laws of 1933.

The effect of chapter 542, Public Laws of 1933, repealing C. S., 4221, relating to the crime of kidnapping, is to increase, within the discretion of court, the maximum punishment for the crime from twenty years to life, and not to make a life term mandatory upon conviction, the intent of the statute to this effect being shown by the use of the word "punishable" in prescribing the sentence.

2. **Criminal Law L e—Judgment entered under erroneous belief that court had no discretion to impose smaller sentence is set aside and the case remanded.**

Where the trial court in sentencing a defendant convicted of kidnapping, imposes a life term under his judgment that the statute makes such punishment mandatory upon conviction of the crime, while in fact the statute allows the court to impose a less severe sentence in its discretion, and it appears that the court, but for the mistake as to his discretionary powers, would have imposed a less severe sentence, the judgment will be set aside and the action remanded for a judgment imposing a sentence within the sound discretion of the court.

3. **Criminal Law L d—Statement of case on appeal must be prepared in accordance with rules in order for exceptions to be considered.**

Where statement of case on appeal is not prepared in accordance with the rules, but the case is remanded for error of the judgment in imposing sentence, upon imposition of proper judgment by the trial court the defendants may again appeal, but a proper statement of case on appeal must then be prepared in accordance with the rules in order for their exceptions to be considered upon such subsequent appeal.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Parker, J.,* at October Term, 1933, of VANCE. Remanded for judgment in accordance with opinion.

The defendants were tried on an indictment which was returned by the grand jury, and which is as follows:

"Superior Court.—October Term, 1933.
State of North Carolina.—Vance County.

The jurors for the State, upon their oath, present that Beaufort Kelly, alias Bufus Kelly, and Florida Bullock, late of Vance County, on 23 August, in the year of Our Lord, 1933, with force and arms, at and in the county aforesaid, unlawfully, wilfully and feloniously, forcibly and fraudulently, did kidnap Mary Lena Van Dyke, a female child sixteen years of age, contrary to the statute in such case made and provided, and against the peace and dignity of the State.

And the jurors aforesaid, upon oath aforesaid, do further present that said Beaufort Kelly, alias Bufus Kelly, and said Florida Bullock, afterwards, to wit: on the day and year aforesaid, at and in the county aforesaid, unlawfully, wilfully and feloniously, did assault, beat and wound the said Mary Lena Van Dyke, a female child sixteen years of age, with deadly weapons, to wit: a pistol, a knife, and a club, and did then and there inflict serious and permanent injuries, not resulting in death, to the person of the said Mary Lena Van Dyke, to wit: cutting a deep gash on her left arm and left leg, making it necessary to take four stitches in her arm, and striking her on the stomach with a club,

or some heavy, blunt instrument, knocking her down and rendering her unconscious for a period of several hours, causing her to suffer great pain for two weeks or more—they and each of them, the said Beaufort Kelly, alias Bufus Kelly, and said Florida Bullock then and there being male persons above the age of eighteen years, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

After a motion by the defendant, Beaufort Kelly, alias Bufus Kelly, challenging the validity of the indictment, and a motion by said defendant for a change of venue, had been denied by the court, each of the defendants entered a plea of "Not Guilty" to the indictment, and evidence was offered by both the State and the defendants. All the evidence was submitted by the court to the jury. There was a verdict that each defendant is guilty upon both counts in the indictment. Judgment was rendered as follows:

"The court is of opinion that life imprisonment is too drastic and severe as a punishment for the facts of this case. Yet, the court understands the law enacted by the 1933 General Assembly to be such that it has no discretion, and it is the duty of the court to follow the expressed will and desire of the people as enacted into law by their representatives in the General Assembly.

As to the first count in the bill of indictment, the judgment of the court is that Beaufort Kelly, alias Bufus Kelly, be imprisoned in the Central Prison at Raleigh for life, to be assigned to do public work under the direction of the State Highway and Public Works Commission.

As to the first count in the bill of indictment, the judgment of the court is that Florida Bullock be imprisoned in the Central Prison at Raleigh, for life, to be assigned to do public work under the direction of the State Highway and Public Works Commission.

As to the second count in the bill of indictment charging an assault with a deadly weapon, the judgment of the court is that Beaufort Kelly, alias Bufus Kelly, be imprisoned in the county jail for a term of two years, to be assigned to do public work under the direction of the State Highway and Public Works Commission. Sentence in this case to run concurrently with the sentence pronounced in the first count as to kidnapping.

As to the second count in the bill of indictment, the judgment of the court is that Florida Bullock be imprisoned in the county jail for a term of two years, to be assigned to do public work under the direction of the State Highway and Public Works Commission. Sentence in this case to run concurrently with the sentence pronounced in the first count as to kidnapping."

From this judgment, both defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*M. Hugh Thompson and C. J. Gales for defendant Kelly.*

*M. C. Pearce for defendant Bullock.*

CONNOR, J. Chapter 542, Public Laws of North Carolina, 1933, is as follows:

"Section 1. That it shall be unlawful for any person, firm or corporation, or any individual, male or female, or its or their agents, to kidnap or cause to be kidnapped any human being, or to demand a ransom of any person, firm or corporation, male or female, to be paid on account of kidnapping, or to hold any human being for ransom; *Provided, however,* that this act shall not apply to a father or mother for taking into their custody their own child.

Section 2. That any person, or their agent, violating or causing to be violated any provision of this act shall be guilty of a felony, and upon conviction therefor shall be punishable by imprisonment for life.

Section 3. That any firm or corporation violating or causing to be violated through their agent or agents, any of the provisions of this act, and upon being found guilty, shall be liable to the injured party suing therefor, the sum of twenty-five thousand dollars ($25,000) and shall forfeit its or their charter and right to do business in the State of North Carolina.

Section 4. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed.

Section 5. That this act shall be in full force and effect from and after its ratification."

This statute was ratified on 15 May, 1933, and repeals C. S., 4221, which was as follows:

"Section 4221. If any person shall forcibly or fraudulently kidnap any person, he shall be guilty of a felony, and upon conviction may be punished in the discretion of the court, not exceeding twenty years in the State's prison."

The effect of chapter 542, Public Laws, 1933, is to increase the maximum term of imprisonment which the court may in its discretion impose upon a person who has been convicted of kidnapping in this State. The word "punishable" as used in section 2 of the act indicates the intention of the General Assembly to leave the term of imprisonment in the discretion of the court, and to increase the maximum term of imprisonment upon a conviction of kidnapping in this State from twenty years to life.

The learned and just judge who presided at the trial of this action was of the opinion that he had no discretion as to the term of imprison-

ment which he was required by the statute to impose upon the defendants in this action upon their conviction of kidnapping, as charged in the first count of the indictment. In this, he was in error. But for this error, it is clear that he would not have rendered a judgment which imposed a sentence which he thought was too drastic and severe, in view of all the facts shown by the evidence for the State. The judgment is reversed and set aside, and the action remanded to the Superior Court of Vance County in order that a judgment imposing a sentence within the sound judicial discretion of said court may be rendered. From such judgment, the defendants may, if they are so advised, appeal to this Court. On such appeal, assignments of error duly made in accordance with the rules of this Court will be considered and questions of law thereby presented decided.

The cases on appeal now on file in this Court have not been prepared in accordance with the rules of this Court, and will not be considered on a subsequent appeal in this action. If the defendants shall appeal from the judgment which will be rendered in accordance with this opinion, a statement of the case on appeal must be prepared in accordance with the rules of this Court. Otherwise assignments of error on such appeal will not be considered.

Remanded.

SCHENCK, J., took no part in the consideration or decision of this case.