### STATE v. ROBERT E. DOUGHTIE.

(Filed 18 March, 1953.)

**1. Criminal Law § 62f—**

In North Carolina, a court has no power to pass a sentence of banishment, and if it does so, the sentence is void.

**2. Same—**

The Superior Court has jurisdiction to suspend judgment for some special purpose for a reasonable time, and such conditions will be upheld as favorable to the defendant and consonant with sound public policy.

**3. Same—**

The suspension of sentence on condition that defendant leave the State and not re-enter its boundaries for a period of two years is a sentence of banishment and is void as contrary to public policy, and upon defendant's appeal from order executing the sentence for condition broken, the order and the original sentence will be vacated, and the cause remanded for a proper sentence.

APPEAL by the defendant from *Williams, J.,* November Special Term, 1952, of EDGECOMBE.

This is an appeal from the signing of a judgment putting into effect a two-year road sentence suspended on condition that the defendant leave the State of North Carolina, and be out of said State not later than 12:00 noon 19 October, 1951, and not return or enter into the State of North Carolina for two years.

At the October Criminal Term, 1951, of the Superior Court of Edgecombe County the defendant Robert E. Doughtie entered a plea of guilty to a charge of a criminal assault with a deadly weapon, to wit, a pistol, on R. C. Robbins. The sentence passed against the defendant Doughtie on said plea by the Honorable Henry L. Stevens, Jr., Judge presiding, was as follows: "The defendant comes into Court and pleads guilty. Thereupon it is considered, ordered and adjudged by the Court that the defendant be confined in the Common Jail of Edgecombe County for the term of two years and be assigned to work the roads under the direction of the State Highway and Public Works Commission, suspended on condition that defendant leave the State of North Carolina and be out of same not later than 12:00 Noon October 19, 1951, and not return or enter

into the State of North Carolina for two years. Upon defendant entering in any part of the State of North Carolina, capias and commitment to issue to any and all counties within said State. Costs to be remitted."

At the November Special Criminal Term, 1952, of the Superior Court of Edgecombe County the solicitor for the State moved that the two-year road sentence against the defendant entered at the October Criminal Term, 1951, of said court be put into effect on the ground that the defendant had willfully violated the condition on which said road sentence was suspended. The solicitor offered evidence tending to show such violation. The presiding judge found the following facts and made the following order: "After hearing the evidence the defendant admits that he has violated the terms and conditions upon which said sentence was suspended in that since the October Term, 1951, he has, on two occasions, entered the State of North Carolina, on one occasion having been indicted and convicted in the Recorder's Court of Edgecombe County of driving a motor vehicle on the highways at an unlawful speed of 80 miles per hour and that he was sentenced to 60 days on the roads and to pay a fine of $100.00 and costs, road sentence suspended upon the payment of fine and costs, and that he has paid the fine and costs imposed in that sentence, and the Court finds as a fact that the defendant has violated the terms and conditions upon which the sentence was suspended at the October 1951 Term of this Court: Now, therefore, it is considered, ordered and adjudged that the sentence of the Superior Court at the October 1951 Term be, and the same hereby is put into effect, and that capias issue and commitment of the defendant be made to serve said sentence as there imposed."

The defendant excepted to the signing of the judgment and appealed, assigning error. This is his only assignment of error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*

*Cameron S. Weeks and T. Chandler Muse for defendant, appellant.*

PARKER, J. In North Carolina a court has no power to pass a sentence of banishment; and if it does so, the sentence is void. This is the general rule in American Courts. *S. v. Hatley,* 110 N.C. 522, 14 S.E. 751.

"In the states of the United States, a sentence banishing one convicted of crime from the state is generally held to be beyond the power of the court. It is impliedly prohibited by public policy." 15 Am. Jur., Criminal Law, Sec. 453. To the same effect, *People v. Baum,* 251 Mich. 187, 231 N.W. 95, 70 A.L.R. 98; *S. v. Baker,* 58 S.C. 111, 36 S.E. 501. See also *People v. Lopez,* 81 Cal. App. 199, 253 Pac. 169.

"In the absence of statutory authorization, banishment and deportation of accused is not proper punishment." 24 C.J.S., Criminal Law, Sec. 1991.

In *People v. Baum, supra,* the sentence was a fine of $500.00 and $500.00 costs. In addition, defendant "must leave the State of Michigan within 30 days and not return for a period of probation" which was fixed at five years. The Court held the sentence erroneous and remanded it for a legal sentence.

In *S. v. Baker, supra,* the sentence was 7 years in prison; "after you have served five years, you will be released, with the understanding that you leave the state, and never set foot in it again. If you do return, after notice on you by the state and a cause shown, you will be called back to serve out the full term, etc." The judgment of the circuit court was reversed, and the case remanded for re-sentence.

In *People v. Lopez, supra,* the sentence was that after the defendant had served the term imposed, he should be deported to Mexico. The Court modified the judgment by striking out "after sentence has been served, defendant is to be deported to Mexico," and after such modification the judgment was affirmed.

The sentence given the defendant Doughtie is not a sentence of banishment. It is a road sentence of two years suspended on condition that the defendant leave North Carolina and be out of same not later than 12:00 noon 19 October, 1951, and not return or enter the State for two years, and upon the defendant entering into any part of the State, capias and commitment to issue to any and all counties within said State.

This question of law is presented for our decision: Is a two-year road sentence, suspended on condition that the defendant leave North Carolina and remain out of the State for two years, valid?

In *S. v. Hatley, supra,* the sentence was: "That the defendants be imprisoned for twelve months in the county jail, but if the defendants leave the State in 30 days no capias to issue; otherwise capias do issue and defendants to be imprisoned for twelve months each." The Court, holding that the judgment of the court cannot be fairly construed as a judgment of banishment, said: "The only judgment passed by the court was that the defendants be imprisoned twelve months, and the words, 'but if the defendants leave,' etc., constitute no part of the sentence or judgment of the court, but were manifestly intended only as a note or memorandum directing the clerk to postpone the period at which the sentence shall go into execution, and not as a punishment for the defendants or an infliction upon some other community, etc." A similar case is *S. v. Hinson,* 156 N.C. 250, 72 S.E. 310. Neither decide the question of law presented in the instant case.

In *S. v. McAfee,* 189 N.C. 320, 127 S.E. 204, the sentence was: "It is adjudged by the court that the defendant, Mrs. T. E. McAfee, be confined in the common jail of Lenoir County for a term of fifteen months. Execution of sentence suspended, upon payment of costs, for 30 days; if thereafter the defendant be found within the State of North Carolina, capias shall issue to the Sheriff of Lenoir or to any other county in the State, at the discretion of the solicitor, and upon apprehension the defendant shall be committed to serve the sentence imposed." There is no suspension of the jail sentence on condition that the defendant leave the State, and manifestly this case is not a precedent for the question of law for us to decide. Mrs. McAfee was before this Court again in *S. v. McAfee,* 198 N.C. 509, 152 S.E. 393, and the sentence from which she appealed set forth in *S. v. McAfee,* 189 N.C. 320, *supra,* was put into effect.

The common law courts of criminal jurisdiction undoubtedly had power to suspend judgment on a defendant for some special purpose or for some reasonable time. In modern times this power has been extensively exercised by trial judges of courts of general criminal jurisdiction desiring to show mercy and to reform offenders, particularly youthful ones. Such exercise of power has been generally upheld by appellate courts as favorable to the defendant, and as sound public policy. *S. v. Hilton,* 151 N.C. 687, 65 S.E. 1011; *S. v. Jackson,* 226 N.C. 66, 36 S.E. 2d 706, which cites numerous cases; 15 Am. Jur., Criminal Law, Sec. 479. Upon this foundation is based our probation system which has had marked success in many cases in restoring youthful offenders to society as law-abiding citizens.

A sentence of banishment is undoubtedly void. A sentence of two years on the roads suspended on condition that the defendant leave the State of North Carolina and not return or enter into the State for two years is in all practical effect a sentence of banishment or exile for two years. It gives the defendant no opportunity to avoid serving the road sentence except by exile. It is not favorable to him to force him to go for two years into another state, where the State of North Carolina can exercise no restraining influence upon him for purposes of reformation. Through the ages the lot of the exile has been hard. There comes ringing down the centuries the words of the Psalmist: "By the rivers of Babylon, there we sat down, yea, we wept, when we remembered Zion." It is not sound public policy to make other states a dumping ground for our criminals. In many cases this Court has sustained the suspension of sentences on condition that the defendant remain for a fixed period of time of good behavior, pay a certain sum of money, etc.; conditions which were favorable to the defendant, permitting him if he obeyed the conditions to avoid serving the sentence, and in furtherance of sound public policy. *S. v.*

*Hilton, supra; S. v. Pelley,* 221 N.C. 487, 20 S.E. 2d 850; *S. v. Miller,* 225 N.C. 213, 34 S.E. 2d 143; *S. v. Graham,* 225 N.C. 217, 34 S.E. 2d 146; *S. v. Jackson, supra; S. v. Simmington,* 235 N.C. 612, 70 S.E. 2d 842.

In *S. v. Stallings,* 234 N.C. 265, 66 S.E. 2d 822, *Chief Justice Devin* speaking for the Court said: "The power of a court, in proper case, to suspend judgment on conviction of a criminal offense for a reasonable length of time, conditioned upon continued obedience to the law, is well recognized in this jurisdiction, and frequently exercised in order to carry out the more humane concept of the purpose of punishment for crime."

We therefore conclude that the two-year road sentence suspended on condition that the defendant Doughtie leave the State of North Carolina and not return or enter into the State for two years, with capias and commitment to issue if he does return, is not within the letter or spirit of our decisions affirming the validity of suspended sentences, is not favorable to the defendant, nor sound public policy, nor consistent with the proper punishment for crime. Such a sentence was beyond the power of the court to inflict.

"The suspension or reduction of a sentence on condition that the convicted person leave the state . . . is void." 15 Am. Jur., Criminal Law, Sec. 453.

The defendant pleaded guilty. Where there is an erroneous sentence, the case will be remanded for a proper sentence. *S. v. Lawrence,* 81 N.C. 522; *S. v. Perkins,* 82 N.C. 681; *In re Deaton,* 105 N.C. 59, 11 S.E. 244; *S. v. Walker,* 179 N.C. 730, 102 S.E. 404; *S. v. Satterwhite,* 182 N.C. 892, 109 S.E. 862; *S. v. Phillips,* 185 N.C. 614, 115 S.E. 893; *S. v. Kelly,* 206 N.C. 660, 175 S.E. 294; *S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9; *S. v. Gregory,* 223 N.C. 415, 27 S.E. 2d 140; *S. v. Robinson,* 224 N.C. 412, 30 S.E. 2d 320.

The sentence passed against the defendant at the October Criminal Term, 1951, of the Superior Court of Edgecombe County is reversed, and vacated, and the judgment or order putting said road sentence into effect is reversed, and vacated. The defendant's only assignment of error to the signing of the judgment is sustained.

It is ordered that the case be remanded to the Superior Court of Edgecombe County for a proper sentence.

Error and remanded.