BANISHMENT CONDITION OF PAROLE Banishment may properly be made a condition of a parole under Oklahoma law. The Attorney General has had under consideration your letter requesting an opinion of the Attorney General on: ". . . whether 'banishment' (parole which stipulates non-return to the granting state) is an acceptable procedure of Oklahoma law. We first of all note that your question relates only to banishment as a condition of parole. The general rule is that banishment is not a proper sentence by a court, but that it may properly be a condition of executive clemency in the form of parole or conditional pardon. See 60 A.L.R. 1415 and 70 A.L.R. 98; also Rubin's The Law of Criminal Corrections (West Publishing Co., St. Paul, Minn., 1963), ch. 4 1, ch. 6, 18, ch. 15, 8, and ch. 16, 14. The general rule is reflected and a square ruling on your question was given by the Oklahoma Court of Criminal Appeals in Ex parte Snyder, 81 Okl. Cr. 34, 159 P.2d 752 (1945), wherein the third paragraph of the syllabus by the court states: "The provision of Article II, Section 29 Oklahoma Constitution, that 'no person shall be transported out of the state for any offense committed within the state,' applies to the involuntary transportation of a person out of the state as punishment for crime and does not apply to the voluntary act of a person leaving the state under the terms of a parole which he had the option to accept or reject." In the body of the opinion, after stating the general rule that any condition that is not illegal, immoral, or impossible of performance may be attached to a pardon or parole, the court (at page 40, State Reporter) said: "The condition inserted in the parole that the petitioner shall immediately upon his release leave the State of Oklahoma and remain out of the state for a period of 20 years from the date of parole is not immoral, is not impossible of performance, and is not contrary to any statute of the State of Oklahoma." This ruling by the Court of Criminal Appeals on this question was followed in the parallel case of Ex parte Sherman, 81 Okl.Cr. 41,159 P.2d 755 (1945), and has not been overruled. (Ex parte Snyder's ruling on another question, to wit: whether a parolee is entitled to notice and hearing on revocation of his parole, has been overruled in the relatively recent case of Chase v. Page, Okl. Cr., 456 P.2d 590 (1969)-) The foregoing considered, it is the opinion of the Attorney General that your question should be answered in the affirmative, and that banishment may properly be made a condition of a parole. (HUGH H. COLLUM)